IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JASON MATTHEW CARDENAS, )
)
    Plaintiff, )
)
 -vs- ) Civil Action No. 17-1475
)
NANCY A. BERRYHILL, )
ACTING COMMISSIONER OF SOCIAL )
SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Jason Matthew Cardenas ("Cardenas") seeks judicial review of the Social Security Administration's denial of his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI").[1] He alleges a disability beginning on February 20, 2007. (R. 11) The SSA previously awarded Cardenas DIB and SSI benefits on June 2007 but subsequently terminated them, concluding that he was no longer disabled as of April 2012. (R. 11) Following a February 2017 hearing, the ALJ denied Cardenas' claim. Before the Court are the parties' cross-motions for summary judgment. *See* ECF Docket Nos. 13 and 15. For the following reasons, Cardenas' motion is denied and the Defendant's motion is granted.

### Opinion

---

[1] The ALJ determined that Cardenas met the insured status requirements of the Social Security Act through March 31, 2016. (R. 13)

1

1. <u>Standard of Review</u>

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g)6 and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson*, 402 U.S. at 390, 91 S. Ct. 1420.

Importantly, a district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner

when the decision was rendered. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II. The ALJ's Decision

As stated above, the ALJ denied Cardenas' claim for benefits. More specifically, at step one of the five step analysis, the ALJ found that Cardenas had not engaged in substantial gainful activity since April 1, 2012. (R. 13) At step two, the ALJ concluded that Cardenas suffers from the following severe impairments: nephrotic syndrome; chronic kidney disease; hypertensive vascular disease; affective disorder; borderline personality disorder; depression; bipolar disorder; generalized anxiety disorder; obstructive sleep apnea; obesity; ADD / ADHD; status post bilateral carpal tunnel syndrome; and chronic back pain. (R. 14-15) At step three, the ALJ concluded that Cardenas does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 15-17) Between steps three and four, the ALJ found that Cardenas:

> Has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except that he can occasionally climb ladders, ropes, scaffolds, ramps, and stairs; can occasionally balance, stoop, crouch, kneel, and crawl; must avoid concentrated exposure to extreme cold, extreme

3

heat, wetness, humidity, and hazards such as dangerous moving machinery and unprotected heights; is limited to simple, routine, and repetitive tasks in a low stress job, defined as having only occasional decision-making required; occasional changes in the work setting, and no strict production quotas; is capable of occasional interaction with coworkers and supervisors; and can have no contact with the general public.

(R. 17) In so finding, the ALJ gave "great weight" to the opinions proffered by the psychological consultant Erin Urbanowicz and state agency medical consultant Nghia Van Tran, and only "partial weight" to the opinions proffered by Dr. Paul A. Hartley and therapist Richard Pritts. (R. 17-27) At step four, the ALJ found that Cardenas is unable to perform his past relevant work. (R. 27) Ultimately, at the fifth step of the analysis, the ALJ concluded that Cardenas had the RFC to perform the requirements of representative occupations such as an electrical accessories assembler, a laundry sorter, and a sewing machine operator. (R. 27-28)

### III. Discussion

Cardenas urges that the ALJ failed to properly evaluate the medical opinions of record and failed to provide the necessary explanations for rejecting such opinions. Specifically, Cardenas takes issue with the weight accorded the opinions offered by Dr. Hartley, therapist Pritts, and psychological consultant Dr. Urbanowicz. As a preliminary matter, this Court notes that a significant portion of Cardenas' brief is devoted to demonstrating that substantial evidence of record supports his position. But the question before me is not:

> Whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's findings…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y. of U.S. Dept. of Health & Human Services*, 48 F.3d 114, 117 (3d Cir. 1995) (*citing*, *Richardson v. Perales, 402 U.S. 389, 401 (1971)*). If substantial evidence supports the ALJ's

4

finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003).

*Hundley v. Colvin*, 2016 WL 6647913, * 2 (W.D. Pa. Nov. 10, 2016) Consequently, I do not find persuasive Cardenas' discussions in this regard. Rather, I must determine whether substantial evidence supports the ALJ's assessment of the medical opinions.

The amount of weight accorded to medical opinions is well-established. Generally, the opinions of a claimant's treating physicians are entitled to substantial and, at times, even controlling weight. 20 C.F.R. § 416.927(c)(2)[2] To be entitled to controlling weight, however, the treating physician's opinion must be well supported by medical techniques and consistent with the other substantial evidence of record. *See Gargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001). To determine the weight of a treating physician's opinion, the ALJ may consider a number of factors, including consistency, length of treatment, corroborating evidence, and supportability. 20 C.F.R. § 416.927. As the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting, Plummer v. Apfel,* 186 F.3d 422, 429 (3d Cir. 1999). However, "where … the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(c)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

---

[2] Although the regulations governing the evaluation of medical evidence were recently amended, the version effective March 27, 2017 does not apply to the present case. See 20 C.F.R. §§ 416.927 (2017) and 416.920c (2017).

*Becker v. Comm'r. of Soc. Sec. Admin.*, 403 Fed. Appx. 679, 686 (3d Cir. 2010). Although the ALJ may choose whom to credit when faced with a conflict, [s]he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r. of Soc. Sec.*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Dr. Hartley authored a letter stating that the medications Cardenas takes "have not been able to control his symptoms well enough for him to be able to perform full time employment." (R. 328) He further reported that Cardenas "is unable to cooperate with groups, take instruction, follow complex or even simple instructions that involve more than one or two steps." (R. 328) He concluded by observing that, "[a]t this time, I do not believe that Jason M. Cardenas is capable of full-time employment and would be a candidate for Social Security Disability benefits." (R. 328) The ALJ gave "partial weight" to Hartley's opinion. (R. 25-26) The ALJ wrote that she "agrees that the claimant's impairments impose some limitations. However, his conditions do not preclude all work." (R. 26) She added that "Hartley's opinion is not supported by the findings on mental status examinations, which reveal slow speech and below estimated intelligence, but are otherwise repeatedly normal." (R. 26)

Rick Pritts, Cardenas' therapist, also authored a letter. In May of 2013, Pritts detailed his history with Cardenas. (R. 889-90) He concluded his letter by stating that, "[b]ased upon my evaluation and ongoing treatment with Jason Cardenas I do not consider him to be able to sustain competitive employment full or parttime in any work environment. I would strongly recommend that he be reconsidered for evaluation by Social Security as a disabled adult based on his psychiatric and medical disorders." (R. 890) Pritts reaffirmed his opinion in letters dated May 1, 2016 and February 1, 2017. (R.

6

1631-32, 2153-54) Again, the ALJ recounted Pritt's opinion in detail, and opined that she "agrees that the claimant is incapable of performing certain types of work" and noted that she accounted for such limitations in formulating the RFC. (R. 26) She criticized Pritts' opinion as conclusory in nature and lacking "any specific functional limitations." (R. 26) She also noted that "the opinion on an individual's ultimate ability to work is an issue reserved to the Commissioner." (R. 26)

It is clear from my review that the ALJ thoroughly considered Cardenas' treatment with Dr. Hartley and Pritts. She referenced the same material that Cardenas does in his brief, thus there is no indication that she ignored any of the material. The ALJ engaged in an exhaustive ten-page review of all the medical evidence of record. (R. 18-27) In that discussion, the ALJ detailed how Hartley's and Pritts' findings were inconsistent with their own treatment notes, and inconsistent with other evidence of record. The ALJ discussed the copious examinations and explained how findings during each examination were normal. Indeed, the ALJ detailed how Hartley's and Pritts' opinions were contradicted by Dr. Brinkley's normal mental status examination findings. (R. 26) Dr. Brinkley reported that Cardenas felt his "anger is better under control with the addition of Risperdal" and that Cardenas reported that his medications were effective and that he was not feeling depressed or anxious. (R. 779, 780) Brinkley observed that Cardenas was alert and cooperative and displayed normal speech with goal oriented and logical thoughts. (R. 779, 781, 782, 783)[3]

---

[3] Cardenas also faults the ALJ for failing to include Dr. Urbanowicz's limitations to one and two step tasks. Yet case law is clear that an ALJ need not include all the limitations in an RFC that a provider, to whom she has given "significant weight," observes. *See Wilkinson v. Comm'r of Soc. Sec.*, 558 Fed. Appx. 254, 2014 WL 840925, * 2. In *Wilkinson*, the Court declined to find error with the ALJ's decision not to incorporate, without explanation, certain limitations where he otherwise gave the opinion great weight.

Consequently, I find that, contrary to Cardenas' suggestion, the ALJ articulated the reasons for assigning particular weight to an opinion. Further, those reasons are appropriate, valid and acceptable reasons for discounting opinion evidence. *See* 20 C.F.R. §§ 404.1527 and 416.927 (Evaluating Opinion Evidence). Therefore, I find no error in this regard on the part of the ALJ and remand is not warranted.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JASON MATTHEW CARDENAS, )
    Plaintiff, )
     )
  -vs- ) Civil Action No. 17-1475
     )
NANCY A. BERRYHILL, )
ACTING COMMISIONER OF SOCIAL )
SECURITY, )
     )
    Defendant. )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 5th day of March, 2019, it is hereby ORDERED that the decision of the ALJ is affirmed. It is further ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 13) is denied and Defendant's Motion for Summary Judgment (Docket No. 15) is granted.

                                              BY THE COURT:

                                              /s/ Donetta W. Ambrose
                                              Donetta W. Ambrose
                                              United States Senior District Judge